UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEHU HAND,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN OF FCI HERLONG,<br><br>        Respondent. | Case No.  2:20-cv-02320-JAM-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT:<br><br>(1) RESPONDENT'S MOTION TO DISMISS BE GRANTED<br><br>(2) PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED AS MOOT<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF Nos. 7 & 10 |

Petitioner Jehu Hand, a federal prisoner without counsel, petitions for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. He argues that he is entitled to release under the First Step Act of 2018 ("FSA"). *Id.* at 5-6. Respondent has filed a motion to dismiss, ECF No. 10, and petitioner has filed an opposition, ECF No. 18. Respondent has not filed a reply and the time to do so has passed. For the reasons below, I recommend that respondent's motion be granted.

1

1     In addition, petitioner seeks a preliminary injunction, though he concedes that his motion
2 for preliminary injunction, ECF No. 7, has been mooted by his release under the Coronavirus Aid,
3 Relief, and Economic Security Act—known as the CARES Act. ECF No. 18 at 1, 4. I will
4 recommend that the motion be denied as moot

5     No habeas rule specifically applies to motions to dismiss. *See Hillery v. Pulley*, 533 F.
6 Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically
7 provided for in the rules but must be inferred from their structure and the Advisory Committee
8 Notes."). Following an approach taken by other courts in this district, I apply Rule 4 of the Rules
9 Governing Section 2254 Cases to this motion to dismiss. *See*, *e.g.*, *Ram v. Sacramento Cty.*, No.
10 2:15-cv-2074-WBS-DB, 2017 U.S. Dist. LEXIS 85123 at *4 (E.D. Cal. 2017). Under Rule 4, I
11 evaluate whether it "plainly appears" that the petitioner is not entitled to relief and, if so,
12 recommend dismissal of the petition.

13     As stated above, petitioner argues that he is entitled to early release credits under the FSA.
14 This is not his first section 2241 petition addressing the matter. In March 2020, Magistrate Judge
15 Boone recommended dismissal of a similar petition after finding that petitioner's claims were not
16 ripe. *Hand v. Merlak*, No. 1:19-cv-01144-SAB, 2020 U.S. Dist. LEXIS 104271, *8 (E.D. Cal.
17 2020).[1] As in the case before Judge Boone, petitioner seeks release under the FSA's Elderly
18 Offender Home Detention Program ("EOHD"). ECF No. 1 at 6. The FSA directs the Attorney
19 General to conduct a pilot program that weighs the effectiveness of allowing eligible elderly
20 offenders to serve a portion of their sentences in home detention. 34 U.S.C. § 60541(g)(1)(A).
21 Only elderly offenders that have served two thirds of their sentence are eligible for the EOHD.
22 34 U.S.C. § 60541(g)(5)(A)(ii). Judge Boone noted, as respondent does in the motion at bar, that
23 petitioner will not have served two-thirds of his sentence until 2022. *Hand*, 2020 U.S. Dist.
24 LEXIS 104271, *8; ECF No. 10 at 3. Petitioner has not offered any cognizable argument that he
25 has already completed more than two-thirds of his sentence. Regarding ripeness, petitioner

---

[1] Judge Boone's recommendations were adopted by District Judge Dale A. Drozd in June 2020. *Hand v. Merlak*, 1:19-cv-01144-DAD-SAB, 2020 U.S. Dist. LEXIS 104270 (E.D. Cal. 2020). Petitioner appealed, but voluntarily dismissed that appeal before the Ninth Circuit ruled on its merits. *Hand v. Merlak*, 2021 U.S. App. LEXIS 2483 (9th Cir. Cal., Jan. 28, 2021).

argues only that "an incarcerated person challenging his confinement has prima facie standing and a ripe claim." ECF No. 18 at 6.

I find that petitioner lacks standing and that his claim is not ripe. Petitioner will not be eligible for the EOHD until 2022. He has no legally protected interest in being released under the program until he meets its eligibility requirements. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (to have standing a plaintiff must have suffered the "invasion of a legally protected interest . . ."). His claim will be ripe only if he becomes eligible for the EOHD and respondent issues an adverse decision. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotation marks and citations omitted). I need not consider respondent's other arguments in favor of dismissal.

For the foregoing reasons, I recommend that:

1. respondent's motion to dismiss (ECF No. 10) be granted and that the petition be dismissed without prejudice;

2. petitioner's motion for preliminary injunction (ECF No. 7) be denied as moot.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   February 22, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3